UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

CRUISE CONNECTIONS CHARTER MANAGEMENT 1, LP and CRUISE CONNECTIONS CHARTER MANAGEMENT GP, INC.,

           Plaintiffs-Appellees,

v.

ATTORNEY GENERAL OF CANADA, representing the Royal Canadian Mounted Police; ROYAL CANADIAN MOUNTED POLICE, an agency of the Ministry of Public Safety Canada; and HER MAJESTY THE QUEEN IN RIGHT OF CANADA, the Government of Canada, Royal Canadian Mounted Police, representing the Vancouver 2010 Integrated Security Unit,

           Defendants-Appellants.

Case No. 14-7117

Dist. Ct. Case No. 08-cv-2054-RMC

**STATEMENT OF ISSUES TO BE RAISED**

      Defendants-Appellants the Attorney General of Canada, the Royal Canadian Mounted Police ("RCMP"), and Her Majesty the Queen in Right of Canada submit the following non-binding statement of issues to be raised on appeal, pursuant to this Court's Order of August 18, 2014. This case concerns the contract between Cruise Connections Charter Management 1, LP and Cruise Connections Charter Management GP, Inc. (together "Cruise Connections") and

the RCMP pursuant to which Cruise Connections was to charter cruise ships to house security personnel during the 2010 Winter Olympics in Vancouver, British Columbia. On the question of liability, the district court granted Cruise Connections' summary judgment motion and denied the RCMP's summary judgment motion. On the question of damages, the district court entered a judgment in favor of Cruise Connections following a trial. Defendants-Appellants intend to present the following issues in this appeal:

    1.    The district court based summary judgment for Cruise Connections on facts that were genuinely disputed by the RCMP. Did the district court err by granting summary judgment on liability in favor of Cruise Connections?

    2.    The RCMP agreed to pay for "any change in any tax" imposed under specified laws "after the bid submission date." The parties did not know at the time the contract was entered into the amount of the taxes that could be imposed on the cruise lines, but the taxes imposed did not result from any change in any tax or law. Did the district court err by concluding that the contract required the RCMP to pay taxes owed by the cruise lines under laws that existed at the time of contract?

    3.    The contract at issue required Cruise Connections to nominate ships with health scores of at least 95 out of 100 to protect the security personnel

and national security. Cruise Connections contracted for a ship with a health score of 88 and knowingly concealed that fact from the RCMP. Did the district court err by concluding that the health scores of the cruise ships were not fundamental to contract performance?

    4. The district court concluded that the RCMP anticipatorily repudiated the contract on September 26, 2008, after which Cruise Connections elected to affirm the contract until the contract was terminated in mid-November 2008. The district court set September 26, 2008 as the date for contract valuation, even though the evidence that was offered and that would have been offered showed that Cruise Connections was not prepared to perform its contractual obligations until weeks after September 26, 2008. Did the district court err by concluding that September 26, 2008 was the proper date for valuing the contract?

    5. Under British Columbia law, the actual results experienced by a substitute contractor are an appropriate benchmark for assessing damages. The district court applied this law only to the occupancy rate of the cruise ships and not to the actual revenue generated by the substitute contractor. Did the district court err by not applying the substitute contractor analysis to the on board revenue?

    6. Under British Columbia law, contract damages are lost profits, and Cruise Connections' costs must be subtracted from Cruise Connections' revenues to determine profits. Cruise Connections' commitment to pay for a

$5 million letter of credit was a cost of bidding on the contract with the RCMP. Did the district court err by deciding, based on facts that were contrary to the summary judgment record, not to subtract from profits the cost of the letter of credit?

7.  Under British Columbia law, a plaintiff has a duty to mitigate damages and may not recover any part of a loss that is due to the failure to mitigate. Cruise Connections claimed to have the ability to pursue other similar projects but failed to do so. The district court narrowed the issue by concluding that "[t]he question of mitigation devolves into whether Cruise Connections could have chartered other ships to serve as floating hotels during the 2010 Vancouver Olympics." Did the district court err by not requiring Cruise Connections to mitigate its damages?

Dated:  September 17, 2014

Respectfully submitted,

  /s/ Scott H. Christensen
John M. Townsend, D.C. Bar No. 422674
Scott H. Christensen, D.C. Bar No. 476439
HUGHES HUBBARD & REED LLP
1775 I Street, N.W., Suite 600
Washington, D.C. 20006-2401
Telephone:  (202) 721-4600
Facsimile:  (202) 721-4646
Email:  john.townsend@hugheshubbard.com
Email:  scott.christensen@hugheshubbard.com

*Counsel for Defendants-Appellants*

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2014, I electronically filed the foregoing Statement of Issues to be Raised with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system, which will electronically notify participants in the case who are registered CM/ECF users including counsel hereinafter named:

> Jack M. Strauch
> Strauch Green & Mistretta, PC
> 530 North Trade Street, Suite 303
> Winston-Salem, NC 27101
> jstrauch@sgandm.com
> *Attorney for Appellees*

I further certify that I have served the foregoing document by First Class Mail for delivery within 3 calendar days, to the following non-CM/ECF participant:

> Cathy A. Hinger
> Womble, Carlyle, Sandridge & Rice, PLLC
> 1200 19th Street, N.W.
> Washington, DC 20036-2421

Dated:  September 17, 2014                           /s/  Scott H. Christensen
                                                                         Scott H. Christensen